IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01980-BNB

MARY B. JOHNSON,

    Applicant,

v.

WARDEN JAMES E. ABBOTT, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 9 2007

GREGORY C. LANGHAM
              CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Mary B. Johnson, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Women's Correctional Facility at Cañon City, Colorado. Ms. Johnson has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a Colorado state court criminal conviction. The court must construe the application liberally because Ms. Johnson is representing herself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Ms. Johnson will be ordered to file an amended application.

The court has reviewed the habeas corpus application and finds that it is deficient because the application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of**

*Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Johnson asserts eight claims for relief in the application but she fails to provide a clear and concise statement of those claims showing that she is entitled to relief. Ms. Johnson does set forth numerous statements that she describes as "FACT" in support of her various claims, but these statements of "FACT" are disjointed and do not assist the court in determining the specific claims for relief being asserted.

The application also is deficient because Ms. Johnson fails to allege specific facts that are necessary for the court to determine whether the application is filed within the one-year limitation period in 28 U.S.C. § 2244(d). The information Ms. Johnson provides regarding the two postconviction motions she alleges she filed in state court is confusing and difficult to understand. Ms. Johnson must provide the court with specific dates regarding when she filed the postconviction motions, when the postconviction motions were denied, and when the state appellate courts issued any decisions that relate to the postconviction motions.

Therefore, Ms. Johnson will be ordered to file an amended application in which

she provides a clear and concise statement of the claims for relief she is asserting, a clear and concise statement of the specific facts that support each asserted claim, and a clear and concise statement as to when she sought and was denied postconviction relief in the state courts. Accordingly, it is

ORDERED that Ms. Johnson file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Johnson, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Ms. Johnson fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED October 9, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01980-BNB

Mary B. Johnson
Prisoner No. 105370
CWCF
PO Box 500 - Unit 1
Cañon City, CO 81215- 0500

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 10/9/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk