IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01980-BNB

MARY B. JOHNSON,

Applicant,

v.

WARDEN JAMES E. ABBOTT, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
· FR COLORADO

DEC 1 7 2007

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Mary B. Johnson is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Women's Correctional Facility at Cañon City, Colorado. Ms. Johnson initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 1, 2007, Ms. Johnson filed an amended application. On November 9, 2007, Magistrate Judge Boyd N. Boland ordered Ms. Johnson to show cause why the amended application should not be denied as barred by the one-year limitation period in 28 U.S.C. § 2244(d). On December 3, 2007, Ms. Johnson filed her response to the show cause order.

The Court must construe the amended application and the response to the show cause order liberally because Ms. Johnson is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Ms. Johnson is challenging the validity of her conviction in Jefferson County District Court case number 98CR4076 and the sentence of sixty-six years in prison that she is serving as a result of that conviction. On August 22, 2002, the Colorado Court of Appeals affirmed the judgment of conviction and on April 21, 2003, the Colorado Supreme Court denied Ms. Johnson's petition for writ of certiorari on direct appeal. Ms. Johnson alleges that she filed a postconviction motion to reconsider her sentence on August 25, 2003, and that the motion to reconsider was denied by the trial court on June 1, 2004. She also alleges that on August 12, 2005, she filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. Ms. Johnson asserts that the proceedings relevant to the Rule 35(c) motion were pending in state court until July 2, 2007, when the Colorado Supreme Court denied her petition for writ of certiorari. Pursuant to the prisoner mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270 (1988), the Court will deem the instant action filed on September 11, 2007.

As Magistrate Judge Boland noted in his order to show cause, the instant action is subject to the one-year limitation period in 28 U.S.C. § 2244(d). That section provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in

> violation of the Constitution or laws of the
> United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

Magistrate Judge Boland determined that Ms. Johnson's conviction became final on July 21, 2003, when the time for seeking review in the United States Supreme Court on direct appeal expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Magistrate Judge Boland also determined that the one-year limitation period began to run on July 21, 2003, because Ms. Johnson did not allege that she was prevented by unconstitutional state action from filing this action sooner, she is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and she knew or could have discovered the factual predicate for her claims before her conviction became final. Pursuant to 28 U.S.C. § 2244(d)(2), Magistrate Judge Boland determined that the one-year limitation period was tolled while Ms. Johnson's postconviction motion to reconsider was pending

3

in state court from August 25, 2003, until July 16, 2004. However, Magistrate Judge Boland concluded that the one-year limitation period expired before Ms. Johnson filed her postconviction Rule 35(c) motion on August 12, 2005, because the Rule 35(c) motion was filed more than a year after the motion to reconsider no longer was pending.

Ms. Johnson raises a number of arguments in her response to Magistrate Judge Boland's show cause order. She does not challenge the determination that her conviction became final on July 21, 2003, or the dates on which her state court postconviction motions were filed and denied. However, she contends that the one-year limitation period did not begin to run on July 21, 2003, and she also contends that the one-year limitation period should be tolled for equitable reasons. The Court will address each of these arguments.

Ms. Johnson first argues that this action is not barred by the one-year limitation period because she was required to exhaust state court remedies before filing a federal court action and her postconviction Rule 35(c) motion was timely under state law. This argument lacks merit. Although properly filed state court postconviction motions will toll the one-year limitation period pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitation period does not start upon conclusion of the state court postconviction proceedings. Instead, the one-year limitation period starts in accordance with the provisions in § 2244(d)(1).

Ms. Johnson also argues that the one-year limitation period did not begin to run when her conviction became final because she was prevented by unconstitutional state action from filing this action sooner, she is asserting a constitutional right that was

4

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and she could not have discovered the factual predicate for her claims before her conviction became final.

Ms. Johnson first contends that her court-appointed attorney created an unconstitutional impediment when he sent Ms. Johnson a letter dated May 12, 2003, informing her that her petition for writ of certiorari on direct appeal had been denied by the Colorado Supreme Court. Ms. Johnson alleges that she was misled by her attorney to believe that he would continue to represent her and that she did not discover until September 19, 2003, that her court-appointed attorney no longer represented her. Pursuant to § 2244(d)(1)(B), the one-year limitation period may begin to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." This argument lacks merit because Ms. Johnson fails to allege that her attorney's actions actually prevented her from seeking habeas corpus relief. Furthermore, even if the one-year limitation period did not begin to run until September 2003, when Ms. Johnson learned that her attorney no longer represented her, this action still is time-barred based solely on the gap of more than one year from July 2004 until August 2005 when no state court postconviction motion was pending.

Ms. Johnson next argues that the one-year limitation period did not begin to run until the United States Supreme Court issued its decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). Pursuant to § 2244(d)(1)(C), the one-year limitation period may begin to run on "the date on which

the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." This argument lacks merit because neither *Blakely* nor *Booker* applies retroactively to cases on collateral review. *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (addressing retroactivity of *Blakely*); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) (addressing retroactivity of *Booker*).

Ms. Johnson next argues that the one-year limitation period did not begin to run when her conviction became final because she did not have evidence to prove some of her claims at that time. She specifically alleges that she did not receive proof in writing until January 27, 2006, that her child had been molested as she had claimed all along. She alleges that she did not start to receive police reports until September 8, 2004, that prove two witnesses at her trial perjured themselves. Finally, she alleges that she did not know the factual basis for another claim regarding gun evidence until she received the trial transcripts. Pursuant to § 2244(d)(1)(D), the one-year limitation period may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

These arguments lack merit because Ms. Johnson fails to demonstrate that the factual predicate for her claims was not known to her, and could not have been discovered by her through the exercise of due diligence, prior to the date on which her conviction became final. The fact that Ms. Johnson did not have proof of her claims does not demonstrate that the factual predicate for her claims was unknown to her and could not have been discovered by her had she exercised due diligence.

For these reasons, the Court rejects all of Ms. Johnson's arguments that the one-year limitation period began to run on some date after the judgment of conviction became final. As a result, the Court finds that the one-year limitation period began to run on July 21, 2003, when the judgment of conviction became final. Furthermore, based on the gap of more than one year between Ms. Johnson's two state court postconviction motions, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling would be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Ms. Johnson bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Ms. Johnson apparently contends that the arguments addressed above also support equitable tolling. The Court disagrees. Nothing in the arguments already addressed demonstrates the existence of any extraordinary circumstances beyond Ms. Johnson's control that prevented her from filing the instant action within the time

allowed by statute, that she actually is innocent, or that she filed a defective pleading within the time allowed. Therefore, the Court finds that equitable tolling is not appropriate in this action.

Finally, the Court notes that Ms. Johnson raises three other arguments in her response to Magistrate Judge Boland's show cause order. Those three arguments are (1) Ms. Johnson's direct appeal attorney wasted her direct appeal by failing to raise all of her claims; (2) the trial judge's refusal to consider all of Ms. Johnson's claims means this action is not successive; (3) certain provisions of the Federal Rules of Evidence were amended on March 27, 2003, and April 12, 2006. These arguments will not be addressed because they are not relevant to the issue of the one-year limitation period.

In conclusion, the Court finds that the one-year limitation period began to run on July 21, 2003, that the one-year limitation period was tolled while Ms. Johnson's postconviction motion to reconsider was pending, and that the one-year limitation period expired before Ms. Johnson filed her postconviction Rule 35(c) motion. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 17 day of Dec., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01980-BNB

Mary B. Johnson
Prisoner No. 105370
CWCF - Unit 1
PO Box 500 - Unit 1
Cañon City, CO 81215- 0500

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/17/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk